IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EVANS, | No. CIV S-09-0291-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| M. McDONALD, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

1

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff claims that he is improperly being held in custody.  Specifically, he states that the California Court of Appeal has vacated his conviction and sentence and ordered a re-trial by the Santa Clara County Superior Court.  He states that his continued incarceration is improper because there is no valid judgment and commitment order.  Plaintiff contends that he should be transferred to the Santa Clara County Jail to await re-trial.  Documents attached to plaintiff's complaint reveal that the Court of Appeal's decision is being reviewed by the California Supreme Court.

When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).  Where a prisoner challenges the conditions of confinement, as opposed to the fact or duration of confinement, his remedy lies in a civil rights action under 42 U.S.C. § 1983.  See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985).   In this case, plaintiff challenges the fact or duration of his confinement in that he asserts that his continued confinement by the California Department of Corrections and Rehabilitation is improper given the Court of Appeal's decision to vacate his conviction and sentence.  Therefore, his claim is not cognizable under § 1983 and this action should be dismissed.

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff shall show cause in writing, within 30 days of the date of this order, why this § 1983 action should not be dismissed for failure to state a cognizable claim.  Plaintiff is warned that failure to respond to this order may result in dismissal of the action for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders.  See Local Rule 11-110.

If plaintiff agrees that this civil rights action should be dismissed because his claim sounds in habeas, he may file a motion for voluntary dismissal as his response to this order to show cause.  If a motion for voluntary dismissal is filed, plaintiff need not resolve the fee status for this case is directed in the accompanying order.  However, if plaintiff files anything other than a motion for voluntary dismissal in response to this order to show cause, he must also respond to the court's accompanying fee order.

IT IS SO ORDERED.

DATED: February 5, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE